UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: BAYCOL PRODUCTS LITIGATION MDL No. 1431

This Document Relates to:

Anthony Rizzo et. al v. Bayer AG et. al, Civ. No. 02-150

---

Before the Court is Plaintiffs' motion to reconsider and/or vacate the Order of this Court dated May 6, 2002, or in the alternative, to Amend the Order Certifying Questions for Appeal.

Pursuant to Local Rule 7.1(g), a party seeking reconsideration must first seek leave of the Court to file a motion for reconsideration. The Court having reviewed the arguments of the Plaintiffs, hereby determines that Plaintiffs have not presented a sufficient basis upon which to grant a determination of reconsideration.

Plaintiffs also seek amendment and certification of the May 6, 2002 to allow for interlocutory appeal. Rule 5(a)(3) of the Federal Rules of Appellate Procedure provides that a district court may amend an order to include permission to file an interlocutory appeal if the statutory conditions are met. 28 U.S.C. § 1292(b) provides that a district court may include in an order its opinion that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may material advance the ultimate termination of the litigation". In this case, the May 6, 2002 grants a six month continuance to brief the issue of whether federal diversity jurisdiction may be predicated on the cost of complying with equitable relief in the form of medical monitoring. Because the Court has not ruled on

MAY 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the merits of the remand motions, and because the Court has only granted a brief continuance, the Court is not of the opinion that an interlocutory appeal will advance the ultimate termination of the litigation.

IT IS HEREBY ORDERED that Defendant's Request for Leave to Move the Court for Reconsideration or in the Alternative, Motion to Amend Order Certifying Questions Allowing Permission to Appeal is DENIED.

Date: May 24, 2002

Michael J. Davis
United States District Court